**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERICO ALLEN,

        Plaintiff,

v.                                                   Case No. 08-14252

PATRICIA CARUSO, ET AL.,        Honorable Arthur J. Tarnow

        Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23] GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [14]**

Before the Court is the Magistrate Judge's Report and Recommendation [23], which recommends that Defendants' Motion for Summary Judgment be granted and that Plaintiff's complaint be dismissed. Plaintiff filed an Objection [29] on January 4, 2010. Defendants did not file a response.

**I. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603. The "clearly erroneous" standard requires that the Court affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, the Court "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077 at *1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948)). The test is:

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

Plaintiff, a *pro se* inmate, asserts in his Objection that he is no longer seeking declaratory and injunctive relief; accordingly, this Court adopts the Magistrate's recommendation that those claims be dismissed. Plaintiff also states that he does not object to the dismissal of Defendants Caruso, Straub, and Sherry. The Court will therefore adopt the recommendation that they be dismissed from this complaint. That leaves Defendants Rapelje and Winn.

The Magistrate concludes that these Defendants are entitled to qualified immunity because their actions did not violate Plaintiff's constitutional rights.[1] This Court agrees with the Magistrate's statement of law that in order to establish liability under the Eighth Amendment for the claim at issue, Plaintiff must demonstrate that Defendants acted with "deliberate indifference" to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Woods v. Lecureux. et al.,* 110 F.3d 1215, 1222 (6th Cir. 1997). The Magistrate goes on to state that this test involves an objective and subjective component and that Plaintiff fails to raise a genuine issue of material fact as to either element. Plaintiff objects to these findings.

As the Magistrate notes, Plaintiff, in order to satisfy the objective component, must allege a deprivation that is "sufficiently serious" and "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *See Farmer*, 511 U.S. at 834.

---

[1] The Magistrate notes that Defendants only argue that there was no violation of a constitutional right; they do not assert that the relevant constitutional right was not clearly established. Therefore, the Magistrate properly did not address that prong of the qualified immunity test.

The Magistrate's recommendation that Plaintiff failed to demonstrate a genuine issue of material fact exists with respect to the objective component of Plaintiff's claim (in other words, Plaintiff did not show he was incarcerated under conditions posing a substantial risk of serious harm) was based on, in part, the fact that Plaintiff "was assigned a top bunk for at least two months and *only fell twice*." *See* R&R at 12 (emphasis added). This Court strongly disagrees with the Magistrate's conclusion. Plaintiff is not required to fall out of a chair and hit the floor a certain number of times in order to establish a viable claim. Here, Plaintiff fell once, was almost hurt, and asserts he sent a letter to the warden warning him of the danger of accessing the top bunk by chair. When nothing was done to address this situation, Plaintiff fell again, hurt his back, and required medical care.

Moreover, the Magistrate indicates that Defendant Rapelje's affidavit states that while there are 730 inmates at the facility assigned to top bunks, there are no regular complaints about top bunk assignments. This Court is unaware of how many complaints constitute "no regular complaints" and what number of complaints must be received before action is taken. Regardless of how many complaints were made by others, Plaintiff raised the issue.

Furthermore, the issue of access to the top bunk was previously raised, as far back as 2001. Plaintiff attached to his complaint a copy of minutes from a 2001 Warden's Forum, which indicated that the Forum (attended by various prison officials) "believes the facility should provide some sort of step for prisoners assigned to top bunks. Most prisoners use chairs, but these are not sturdy enough for some prisoners." The indicated response to this concern was that "[s]uggestions are sought from the Prisoner Reps." The minutes from the September 2008 Warden's Forum that Defendant attaches to its Summary Judgment Motion indicates, "The Forum is requesting ladders be installed on the bunks to assist prisoners getting in and out of the top bunk." The Response to this issue states, "This is a budgetary issue; no funds are available.

If the items become available as facilities close, SRF will inquire into the availability of same." *See* Exhibit 5, Attachment A. The Magistrate concludes that "the minutes for those meetings do not indicate that the issue was raised due to safety concerns rather than as a matter of comfort." *See* R&R at 12. However, it should not be assumed that safety concerns were not the reason for the issue being raised when nothing in the minutes indicates that the issue was addressed because of comfort concerns.

Although the Magistrate finds that "[u]ncomfortable prison conditions do not automatically create a Eighth Amendment violation," there is a genuine issue of material fact as to whether Plaintiff was incarcerated under conditions posing a substantial risk of serious harm. *See Brown v. Richmond*, 207 F.3d 863 (6th Cir. 2000) (Plaintiffs raised allegations regarding "unsafe sleeping environment in which... improperly installed bunks caused inmates to slide off their bunks and land on the concrete cell floor and subjected inmates to the hazards of rolling into protruding anchor bolt studs"; Court, in reversing lower court's dismissal of the complaint, concluded that plaintiffs "alleged facts that could conceivably show that the warden acted with deliberate indifference towards future health problems that the inmates may develop as a result of the unsafe sleeping conditions in their housing cells); *see also Spencer v. Bouchard et al.*, 449 F.3d 721, 729 (6th Cir. 2006) (citation and internal quotation marks omitted) (Plaintiff alleged he was denied adequate shelter when he was detained in a cold cell; Court, in reversing lower court's grant of summary judgment for Defendants, found that "even modest deprivations can... form the objective basis of a violation... if such deprivations are lengthy or ongoing").

As to the subjective component— The Supreme Court has concluded that "a prison official cannot be found liable under the *Eighth Amendment* for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

4

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. at 837. The Magistrate concludes that even if Plaintiff did satisfy the objective prong of the test, Defendants would still be entitled to summary judgment because Plaintiff could not satisfy the subjective component since he failed to present an issue of fact as to whether Defendants knew about any substantial risk of serious harm. Plaintiff objects, arguing that he has in fact satisfied the subjective prong.

Regarding Defendant Rapelje, the Magistrate finds that although Plaintiff presented a copy of a letter that he sent to Rapelje on May 16, 2008 indicating that he was almost injured after falling while trying to access his bunk and asking that the situation be addressed to prevent any possible harm or injuries, he "provides no evidence suggesting that such letter were written or mailed as he alleged in his complaint. Plaintiff attaches no proof of mailing or service, and there is nothing to suggest that he raised this matter in any other way." *See* R&R at 12. The Magistrate further concludes that Rapelje stated in his affidavit that he never received the letter and therefore, Plaintiff failed to demonstrate a question of fact.

This Court disagrees. In making its determination on a summary judgment motion, this court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Electric Industrial Co., Ltd., et al., v. Zenith Radio Corp., et al.*, 475 U.S. 574, 587 (1986). Here, Plaintiff maintains in his complaint and response to Defendants' motion that he mailed the letter to Defendant Rapelje. He also provides a copy of the letter. Defendant may state that he never received it, but his assertion is entitled to no more weight than Plaintiff's claim that it was properly sent. There is a question of fact as to whether Defendant Rapelje "received and had knowledge of the contents of the" letter and a question of fact as to whether the letter disclosed a "substantial risk of serious harm" to Plaintiff. *See Woods v. Lecureux, et al.,* 110 F.3d at 1223-1224 (Deputy warden asserted that he was without knowledge of the risk

5

faced by deceased inmate; Court finds that plaintiff demonstrated a question of fact as to whether deputy warden had received an investigative report of a prior incident that might have provided notice of a risk of harm to the inmate, despite the deputy warden's testimony "that he could not recall receiving the report, and that after a thorough search through his files, he could not find the report").

Moreover, Defendant Rapelje's affidavit acknowledges that he is aware that the issue of ladders on the bunk beds was raised at the Warden's Forum in November 2001. *See* Defendant's Motion, Exhibit 4. The affidavit does not state when Defendant learned of this forum and the issues raised there. However, if he was made aware of the forum prior to receiving Plaintiff's letter, that would provide further support for Plaintiff's argument that Defendant had knowledge of the harm he faced.

Accordingly, Defendant's motion as to Defendant Rapelje is denied. He is not entitled to qualified immunity.

However, this Court agrees with the Magistrate's conclusion regarding the subjective component and Defendant Winn. Contrary to Plaintiff's assertions in his objection, there is no evidence in the record suggesting that Defendant Winn was ever made aware that Plaintiff faced a substantial risk of serious harm. Accordingly, Defendant's motion as to Defendant Winn is granted.

### III. CONCLUSION

The Court has reviewed the record and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [23] is hereby **ADOPTED IN PART** as to the recommendations that Plaintiff's claims for

declaratory and injunctive relief be dismissed and that Defendants' Motion for Summary Judgment be granted as to Defendants Caruso, Straub, Sherry, and Winn.

**IT IS FURTHER ORDERED** that the Report and Recommendation is **REJECTED IN PART** as to the recommendation that Defendants' Motion for Summary Judgment be granted as to Defendant Rapelje. Defendants' Motion for Summary Judgment as to Defendant Rapelje is hereby **DENIED.**

This Court will refer this case to the Court's *pro bono* program to explore whether *pro bono* counsel will represent Plaintiff.

**SO ORDERED**.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: April 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and Terico Allen 194679, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784, on April 30, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager